UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES NORMAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV1024 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's motion to Vacate, Set Aside or Correct Sentence [Doc. #1] pursuant to 28 U.S.C. § 2255, wherein he asserts *Johnson v. United States,* 135 S. Ct. 2551 (2015) is applicable. The United States of America has responded to the motion. For the reasons set forth below the Motion will be denied.

## Facts and Background

On October 15, 2008, Petitioner entered a plea of guilty to the offense of knowingly and intentionally possessing with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (crack), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1). By virtue of the plea agreement he waived "all rights to contest the conviction or sentence in any post-conviction proceeding, including

one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." [Doc.25]

A Presentence Investigation Report was prepared which found Petitioner to have at least two prior felony convictions for either a crime of violence or a controlled substance violation, and thus was classified as a Career Offender pursuant to U.S.S.G. § 4B1.1(a), and therefore his base offense level was 37. Granting a three-level reduction for acceptance of responsibility resulted in a Total Offense Level of 34.

The Presentence Investigation Report concluded that Petitioner had 17 criminal history points. This, and the fact that he was a Career Offender, resulted in a Criminal History Category VI. This resulted in a guideline imprisonment range was 262-327 months.

On February 19, 2009 Petitioner was sentenced to 162 months imprisonment, to be followed by a five-year term of supervised release. Petitioner did not appeal his conviction or sentence to the Eighth Circuit Court of Appeals.

**Petitioner's Claim**

Petitioner claims that he is entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). He argues that his convictions "no longer qualify as 'violent felonies'" and that as a result, his currently imposed sentence of 167 months is greater than it otherwise would have been. He fails to specify which of his convictions are no longer violent felonies or for what reason.

**Discussion**

In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court has since determined that *Johnson* announced a new substantive rule of constitutional law that applies retroactively on collateral review in cases involving ACCA-enhanced sentences. *United States v. Welch*, 136 S. Ct. 1257 (2016). However, the Court's holding in *Welch* that *Johnson* applies retroactively in ACCA cases on collateral review does not govern the separate question of whether *Johnson* applies retroactively to claims based on the Sentencing Guidelines.

In *Donnell v. United States*, 826 F.3d 1014 (8th Cir. 2016), the defendant applied for leave to file a successive petition based upon *Johnson*, seeking to extend *Johnson* and *Welch* by urging that the residual clause of the career offender provisions in the sentencing guidelines were unconstitutionally vague and that this extension should be applied retroactively to cases on collateral review. *Id.* The motion was denied and the Court concluded that "Donnell's successive motion seeks to assert a new right that has not been recognized by the Supreme Court or made retroactive on collateral review." *Id.*

One of the convictions referenced in the Presentence Investigation Report as a crime of violence was Domestic Assault Second Degree, under Docket No. 22011-03534-01. "Crime of violence" is defined in § 4B1.2(a) of the sentencing guidelines:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year,
>
> that –

3

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential of physical injury to another.

The Second Degree Domestic charge of which Petitioner was convicted criminalizes the following conduct:

> (1) Attempt[ing] to cause or knowingly caus[ing] physical injury to [a] or household member by any means, including but not limited to, by use of a deadly weapon or dangerous instrument, or by choking or strangulation; or
>
> (2) Recklessly caus[ing] serious physical injury to [a] family or household member; or
>
> (3) Recklessly caus[ing] physical injury to [a] family or household member by means of any deadly weapon.

Mo.Rev.Stat. § 565.073.1; *see also United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016).

Petitioner pleaded guilty to the offense of having "attempted to cause physical injury to [the victim] by means of choking and [the victim] was a family or household member in that [the victim] has a child in common with the defendant." There is no question that he pleaded guilty pursuant to subsection (1) of the Missouri statute. The Eighth Circuit, post-*Johnson* has specifically held in *United States v. Scott*, 818 F.3d 424, 435 (8th Cir. 2016), that subsection (1) of Missouri's second-degree domestic assault statute constitutes a crime of violence under the use of force clause for purposes of § 4B1.2(a)(1). Second-degree domestic assault is, therefore, a predicate crime of violence.

This conviction, along with the other offense properly places Petitioner in career offender status.

## Conclusion

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## **Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DENIED** in all respects.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of

appealability.

An Order of Dismissal will be filed separately.

Dated this 23rd day of January, 2017.

                                    HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE